Harris, J.,
delivered the opinion of the Court.
*218 The defendants in error brought this action in the Circuit Court of Montgomery county, for an alleged trespass on the land in controversy. The defendant, Ballard, pleaded “not guilty,” there were verdict and judgment for the plaintiffs, and a new trial having been refused, the defendant has appealed to this Court.
The only question to be determined arises upon the validity of the respective titles of .the parties to the land, upon which the trespass is alleged to have been committed. The plaintiffs below claim title by immediate conveyances from John Stinter, who entered the land on the 21st of December, 1824, had it surveyed ,on the 28th of April, 1832, and obtained his grant on the 30th of March, 1835. The defendant below claims title by virtue of' an entry dated April 22d, 1831, surveyed the 25th of the same month, and granted the 9th of December, 1831. Both entries being’ special, and the plaintiffs below having the elder . entry, though the younger grant, it is not controverted here but that the grant will relate back to the inchoate right acquired by the 'entry, and give the grantee the better title, all other questions aside; but it is insisted, in argument for the defendant below, that at the time he made his entry, the entry of the plaintiffs, was void, or afterwards became so, by the enterer having failed to make his survey, and obtain his grant, within the time limited by law, and, therefore, his is the only valid entry and grant. Upon this question depends the rights of these parties. By the 11th section of the act of 1824, ch. 22, it is provided that “any person or persons, who have made, or hereafter shall make, an entry or entries by virtue of an act to which this is a supplement, shall cause the *219 same to be delivered to tbe surveryor of the county, in which such entry or entries are, or shall be made, within twelve months from and after the date thereof,, or the entry so made, shall be void and subject to entry as other lands not appropriated.”
If there were no further legislation on this subject, this act would be conclusive of this question; but on the 24th of November, 1825, the Legislature passed an act giving “the further time of two years,” to make surveys and obtain grants on entries. previously made. And on the 13th of October, 1827, “ the further time of two years was given;” on the 8th of October, 1829, “the further time” of two years was allowed; and on the 10th of October, 1831, the time was again extended to two additional years; on the 8th of October, 1833, another extension of two years was given; and in October, 1835, the time' was again extended for two years, in' language substantially the same, as that employed in the act of 1827, and the subsequent acts. Upon this state of the law, the argument for the defendant below is, that the “further time of two years,” allowed by the act of the 8th of October, 1829, expired on the 8th of October, 1831, and the extending act of 1831, did not pass until the 10th of October, 1831, thus leaving a space of two days, from the 8th to the 10th of October, 1831, that was not embraced in the time allowed for obtaining grants, and by the provision of the 11th section of the act of 1824, ch. 22, above recited, the entry under which the plaintiffs below claim, was inoperative and void, and that his entry, which was made on the 22d of April, 1831, took effect, and vested in him an inchoate right to the land in controversy, and *220 that the Legislature had no power to divest him of that right by reviving or giving validity to the' defunct entry under which the plaintiffs in the Court below claim title. If the premises assumed in the argument by the counsel for the plaintiff in error are well ¡taken, there can be no doubt but that the legal conclusion- will follow. But let us examine these premises. By the 11th section of the act of 1824, ch. 22, the enterer had twelve months from the date of his entry to have his survey made, preparatory to his obtaining a grant, and if he failed to deliver a copy of his entry to the surveyor within that time, his entry was declared void.- But by the act of 1825, two years further time was given him to have his entry surveyed and obtain his grant. We have seen that by the act of 1824, twelve months time was given him from the date of his entry, and by the act of 1825, two years further time was allowed him to obtain his grant. These two acts would clearly give him three years from the date of his entry, in which to procure his grant. And as his entry was made on the 21si December, 1824, would extend to the 21st December, 1827. But on the 13í/¿ of' October, 1827, “the further time of two years is allowed; this would extend the time from the date of his entry to the 21st of December, 1829.
But before that day, on the 8th of October, 1829, the Legislature granted a “further time” of two years: this would extend, not as the argument assumes, to the 8th of October, 1831, but to the 21si of December, 1831, still relating back in the language of the statute, to the date of the entry. Then the subsequent acts of the 10th of October, 1831, of the 8th of October 1833, and *221 of October, 1835, eacb giving, respectively, “the farther time of two years,” will embrace every instant of time from the date of his entry until he obtained his grant on the 30th of March, 1835. There is, therefore, no hiatus in this case, and the grant under which the plaintiffs below claim, relates back' to the entry, and over-reaches the elder grant founded on the younger entry, under which the defendant below claims, and gives them the better title. To put the construction upon these statutes contended for by the counsel for the plaintiffs in error, would, as we think, alike be doing violence to both their letter and spirit. If the Legislature had intended that the “further time of two years,” given by each of these several statutes, • should extend only for two years from the passage of each act, respectively, they would' certainly, at least in some of them, have so declared. But on the contrary, they expressly declare that it is given from the date of the entry. Upon this point, the charge of his Honor, the Circuit Judge, was not critically accurate, but the result was right, and the judgment will be affirmed.